IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-03291-PAB-KMT

CHESTER COUNTY EMPLOYEES' RETIREMENT FUND, Derivatively on Behalf of
Nominal Defendant Echostar Corp.,

      Plaintiff,

v.

CHARLES W. ERGEN,
MICHAEL T. DUGAN,
R. STANTON DODGE,
TOM A. ORTOLF,
C. MICHAEL SCHROEDER,
ANTHONY M. FEDERICO,
PRADMAN P. KAUL, and
JOSEPH P. CLAYTON,

      Defendants, and

ECHOSTAR CORP.,

      Nominal Defendant.

---

## ORDER

---

      This matter is before the Court on the Joint Motion to Transfer Venue [Docket No. 24] filed by plaintiff Chester County Employees' Retirement Fund ("Chester") and defendants EchoStar Corporation, Charles W. Ergen, Michael T. Dugan, R. Stanton Dodge, Tom A. Ortolf, C. Michael Schroeder, Anthony M. Federico, Pradman P. Kaul, and Joseph P. Clayton.  The parties request that the Court transfer this case to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).

On December 5, 2012, Greg Jacobi, an EchoStar shareholder, filed a verified stockholder derivative action in the United States District Court for the District of Nevada.  *See Greg Jacobi, et al. v. Charles Ergen, et al.*, No. 12-cv-02075-JCM-GWF (D. Nev. 2012).  On December 18, 2012, two weeks after the Nevada case was filed, Chester filed its complaint in this case.  *See* Docket No. 1.  The parties claim that the lawsuit filed in Nevada seeks relief pursuant to the same transactions and occurrences as this case and involves substantially the same defendants.  Docket No. 24 at 2, ¶ 2. The parties state that they are currently pursuing settlement negotiations and request that the Court transfer the case to the United States District Court for the District of Nevada in the interest of judicial efficiency and for the convenience of the parties.  *Id*. at ¶ 6.  Moreover, the parties also request that, if the motion to transfer is granted, the Court withdraw Plaintiff's Motion for Attorneys' Fees and Reimbursement of Expenses [Docket No. 20].  *Id*. at ¶ 7.

Section 1404(a) of Title 28 provides, in pertinent part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  To warrant a transfer, the moving party must establish that: (1) the action could have been brought in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in

the alternate forum. *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005).

The Court is satisfied that this action could have originally been brought in Nevada. Additionally, because the parties have filed a joint motion, a transfer of this case would be for the convenience of all parties. Thus, in light of the parties' ongoing settlement negotiations, the Court finds that considerations of convenience and interests of justice strongly favor the transfer of this case to the United States District Court for the District of Nevada. Accordingly, it is

**ORDERED** that the Joint Motion to Transfer Venue [Docket No. 24] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Motion for Attorneys' Fees and Reimbursement of Expenses [Docket No. 20] is deemed **WITHDRAWN**. It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), this action shall be transferred to the United States District Court for the District of Nevada.

DATED February 22, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

3